**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:10-CR-8** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Judge Peter C. Economus** |
| | ) | |
| **JOSEPH MARK EATON,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On August 13, 2007, the Defendant, Joseph Mark Eaton, was sentenced in the Eastern District of Tennessee to twelve (12) months and one (1) day imprisonment, followed by three (3) years of supervised release, for aiding and abetting burglary of a vehicle, a Class D felony. His supervised release commenced on March 17, 2008. On February 1, 2010, jurisdiction for supervised release was transferred to this district.

On or about February 10, 2010, the Defendant's probation officer submitted a violation report alleging the following violations of the terms of supervised release:

1. **New Law Violation** - On 05/15/2009, the offender was indicted on six counts of Theft by the Stark County Court of Common Pleas, after being arrested on 04/03/2009. He failed to appear for his pre-trial hearing on 07/06/2009, and a local warrant was issued.

2. **Failure to Report New Law Violations Within 72 Hours** - The offender did not notify the U.S. Probation Officer of the above charges until 05/15/2009.

3. **Failure to Follow Instruction of the Probation Officer -** On 07/17/2009, the

> defendant was instructed to turn himself in on the local warrant and appear for a local hearing on 08/03/2009.
>
> 4. **Leaving the District without Permission of the Court or Probation Officer** - 0n 07/17/2009, Mr. Eaton advised that he was in Lexington, Kentucky, and did not return to the Northern District of Ohio as directed.

Based upon the Defendant's failure to return to this district and report to the probation office for the Northern District of Ohio, the Court issued a warrant for the Defendant's arrest. The Defendant was arrested in Kentucky on September 7, 2010, and, after an initial appearance on the violations, was transported to this district for supervised release violation proceedings.

The matter was referred to Magistrate Judge Benita Y. Pearson to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate Judge for a violation hearing on October 4, 2010, and was represented by appointed counsel Debra M. Hughes of the Office of the Federal Public Defender. At the hearing, the Defendant admitted violations two, three, and four as charged in the February 10, 2010, report. The Defendant did not admit to violation one of the report, a new law violation, as charges remained pending in Stark County Court of Common Pleas. The Magistrate Judge has issued a report and recommendation, recommending that the Court find that the Defendant has violated the terms of his supervised release.

The Court has reviewed the Magistrate Judge's report and recommendation and finds that it is well-supported. The Defendant has admitted violations two, three, and four. As

a result, the Court finds that the Defendant has violated the terms of his supervised release.

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 6-12 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 12). Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to twelve (12) months imprisonment, to be followed by one (1) year of supervised release. As a condition of supervised release, the Defendant shall participate in a program of mental health treatment as directed by the probation officer.

Additionally, the Court recommends that the Defendant be incarcerated at FMC Lexington in Lexington, KY.

**IT IS SO ORDERED.**

Issued: October 8, 2010         s/ Peter C. Economus
                                PETER C. ECONOMUS
                                UNITED STATES DISTRICT JUDGE